UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| PENNSYVANIA HIGHER EDUCATION ASSISTANCE AGENCY | ) ) ) | |
| v. | ) ) | No.: 1:11-CV-125 |
| NANCY J. REINHART | ) | Collier/Carter |

REPORT AND RECOMMENDATION

Pennsylvania Higher Education Assistance Agency (PHEAA) moves for default judgment on its breach of contract claim brought against defendant for failure to repay her student loans. [Doc. 7]. This motion is before the undersigned Magistrate Judge for a report and recommendation having been referred by the District Court pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). Default was entered in this case against defendant Nancy J. Reinhart on July 12, 2011, after she failed to respond to the complaint.

The granting of a motion for default judgment is "at all times left within the sound discretion of the court." *In re Irby*, 337 B.R. 293, 294 (Bankr. N.D. Ohio 2005) (applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55). Courts have recognized, however, that "[i]t is fundamental that not all injuries are legally compensable; a tenet which may not be bypassed simply because a party fails to respond to a complaint. Thus, among the considerations a court is to employ when determining the propriety of entering a judgment by default is whether there exists a sufficient basis in the pleading for the judgment's entry; or similarly, whether a viable cause of action is alleged." *Id.* (citations omitted).

1

Accordingly, the U.S. Court of Appeals for the Sixth Circuit has decided that courts should exercise their given discretion in favor of denying a motion for default judgment when the plaintiff's complaint fails to state a claim upon which relief can be granted. *Bailey v. Harrison*, 107 F.3d 870, 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997); *Dryair 2000, Inc. v. Blue Winged Olive, L.L.C.,* 2009 WL 311132, *4 (E.D. Tenn. Feb. 6, 2009); *In re Cook*, 342 B.R. 384, 2006 WL 908600, at *3 (B.A.P. 6th Cir. Apr. 3, 2006) (applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55); *see also Parks v. Conley*, 178 F.3d 1295, 1999 WL 195740, at *2 (6th Cir. Mar. 23, 1999) (denying motion for default judgment and granting summary judgment in favor of the opposing party); *Starr v. Corley*, 662 F. Supp. 219, 220 (N.D. Ohio 1987). In determining whether the complaint states a claim, the court should accept as true all well-pleaded allegations, except those relating to the amount of damages. *Cook*, 2006 WL 908600, at *3.

In this case, PHEAA alleges Reinhart executed a promissory note to secure loans authorized under the Health Education Assistance Loan Program, 42 U.S.C. §§ 292-292y, and has defaulted on those loans. To recover on a federally guaranteed promissory note, PHEAA must first make a prima facie showing that (1) the defendant signed it, (2) the plaintiff is the present owner or holder and (3) the note is in default. *United States v. Petroff-Kline,* 557 F.3d 285, 290 (6th Cir. 2009) ("To recover on a promissory note the government [plaintiff] must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default. For that purpose the government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness" (internal citations omitted); *see also Pennsylvania Higher Educ. Assistance Agency v. Francioni*, 2011 WL 5122680 (E.D. Va. Sept. 8, 2011).

2

PHEAA attached to the complaint a copy of a promissory note dated September 13, 1994 in the amount of $39,909.19 and signed by Nancy Reinhart. (Ex. A to Complaint, Doc. 1-1). Further, the complaint alleges that defendant is in default on the promissory note at issue. PHEAA has also attached to the complaint an affidavit to that effect. Thus, the complaint satisfies the first and third elements. It is the second element which presents a problem.

In its complaint, PHEAA asserts:

> 6. … On December 21, 1994, Household Bank FSB assigned all of its rights, title and interest in the Note to Star Bank, National Association, as Trustee on behalf and for the account of Brazos Student Finance Corporation, for value and in good faith. A copy of the Seller's Blanket Assignment is attached hereto and incorporated by reference as "Exhibit B".
>
> 7. On or about August 23, 2003, U.S. Bank, National Association as Trustee for Brazos Student Finance Corporation assigned all rights, title and interest in the Note to 11549, as Trustee on behalf and for the account of Brazos Student Finance Corporation. A copy of the Seller's Blanket Assignment & Release of Collateral is attached hereto and incorporated by reference as "Exhibit C".
>
> 8. Pursuant to the servicing agreement between Brazos Student Finance Corporation and PHEAA, PHEAA has full authority and power to seek a judgment on the loans owned by Brazos.

(Complaint, Doc. 1).

These allegations in paragraphs 6 through 8 of the Complaint do not establish that PHEAA has been assigned such rights under the promissory note that *PHEAA* may obtain a judgment for the defendant's default on the promissory note. First, it is unclear how all rights, title, and interest in the promissory note went from Star Bank (*see* par. 6) to U.S. Bank (*see* par. 7.) Second, it is unclear to the undersigned if "11549" is an entity to which rights, title, and interest in the promissory note can be transferred. (*See* par. 7). Finally, while paragraph 8 states there is a servicing agreement between PHEAA and Brazos Student Finance Corporation, the

3

complaint fails to state why *PHEAA*, as opposed to Brazos Student Finance Corporation, would be entitled to a judgment for the defendant's default.

Accordingly, it is RECOMMENDED[1] that PHEAA's motion for default judgment be DENIED. The undersigned further recommends that PHEAA be given a reasonable time to amend its complaint to clarify how and why PHEAA is entitled to obtain judgment for defendant's default, if, in fact, PHEAA is so entitled. The defendant will need to be re-served with any amended complaint.

S /*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).