IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE,
AT CHATTANOOGA

| | |
|---|---|
| PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, as servicing agent for, and on behalf of BRAVOS STUDENT FINANCE CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>NANCY J. REINHART<br><br>Defendant. | Case No. 1:11-cv-125<br>Collier/Carter |

REPORT and RECOMMENDATION

Plaintiff Pennsylvania Higher Education Assistance Agency (PHEAA) seeks judgment on the principal amount of $27,123.41 plus late fees, pre-judgment interest, and attorney's fees and costs on its claim brought against Nancy J. Reinhart for failure to repay her student loans. Plaintiff's motion for default judgment [Doc. 16] is before the undersigned Magistrate Judge having been referred for a report and recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Default was entered in this case against defendant Nancy J. Reinhart on June 19, 2012, after she was served with the summons and complaint and failed to respond.

The granting of a motion for default judgment is "at all times left within the sound discretion of the court." *In re Irby*, 337 B.R. 293, 294 (Bankr. N.D. Ohio 2005) (applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55). Courts have recognized, however, that "[i]t is fundamental that not all injuries are legally compensable; a tenet which may not be bypassed simply because a party fails to respond to a complaint. Thus, among the considerations a court is to employ when determining the propriety

1

of entering a judgment by default is whether there exists a sufficient basis in the pleading for the judgment's entry; or similarly, whether a viable cause of action is alleged." *Id.* (citations omitted).

Accordingly, the U.S. Court of Appeals for the Sixth Circuit has decided that courts should exercise their given discretion in favor of denying a motion for default judgment when the plaintiff's complaint fails to state a claim upon which relief can be granted. *Bailey v. Harrison*, 107 F.3d 870, 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997); *In re Cook*, 342 B.R. 384, 2006 WL 908600, at *3 (B.A.P. 6th Cir. Apr. 3, 2006) (applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55); *see also Parks v. Conley*, 178 F.3d 1295, 1999 WL 195740, at *2 (6th Cir. Mar. 23, 1999) (denying motion for default judgment and granting summary judgment in favor of the opposing party); *Vinton v. CG's Prep Kitchen* and Café, 2010 WL 748221 * 1 (W.D. Mich. Mar. 2, 2010) ("A default judgment therefore cannot stand on a complaint that fails to state a claim."); *Starr v. Corley*, 662 F. Supp. 219, 220 (N.D. Ohio 1987) (denying motion for default judgment where complaint failed to state a claim). In determining whether the complaint states a claim, the court should accept as true all well-pleaded allegations, except those relating to the amount of damages. *Cook*, 2006 WL 908600, at *3.

The elements of a cause of action to recover on a promissory note are: (1) the defendant signed it, (2) the plaintiff is the present owner or holder and (3) the note is in default. *See United States v. Petroff-Kline,* 557 F.3d 285, 290 (6th Cir. 2009) (citations omitted). In this case, plaintiff alleges defendant executed one promissory note, now owned by Brazos Higher Education Service Corporation (Brazos), on September 13, 1994 for $39,909.19 pursuant to the provisions of the United States Health Insurance Assistance Loan Program (HEAL), 42 U.S.C. §

292 *et seq.* (Complaint ¶¶ 10-13, Doc. 13, Page ID # 45). Brazos entered into a contract with plaintiff PHEAA whereby PHEAA is the servicing agent for Brazos and is authorized to undertake all loan servicing and collection activities associated with HEAL Loans, including bringing legal action in PHEAA's name on behalf of Brazos. *Id.* at ¶15; (Affidavit of Rosie Stephenson, Asset Management Manager for Brazos at ¶ 9, Doc. 13-5, Page ID# 65). PHEAA alleges Nancy Reinhart is currently in default on this loan. (Affidavit of Patricia Walton, Administrative Officer of PHEAA, ¶ 6, Doc. 16-1, Page ID# 76).

Based on the foregoing, I conclude plaintiff has successfully stated a claim for breach of a student loan.

Once a default is entered, entry of default judgment for the amount and costs against defendant without further proof of damages is proper if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. Fed. R. Civ. P. 55(a); *Citizens Bank v. Parnes,* 376 Fed. Appx. 496, 506 (6th Cir. May 4, 2010)*; Hernandez v. Detroit-Wayne County Community Mental Agency*, 2011 WL 5995260 *1 (E. D. Mich. October 21, 2011). On the other hand, if the plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, an evidentiary hearing to determine damages is generally required. *See* Fed. R. Civ. P. 55(b)(2). However, while "[p]roof of damages ordinarily requires an evidentiary hearing in which the defendant may contest the amount, … a hearing is not necessarily required if the moving party submits uncontested, sworn affidavits sufficient to establish the amount of damages." *Broadcast Music v. Marler*, 2009 WL 3785878 * 5 (E.D. Tenn. Nov. 12, 2009) (citing *LeFarge N. Am. Inc. v. Wells Group, Inc*., 2009 WL 2601854, at *5 (E.D. Tenn. Aug. 24, 2009)).

In the instant case, plaintiff has submitted a sworn declaration detailing the calculation of damages on the default of the promissory notes (*See* Affidavit of Patricia Walton, Administrative

3

Officer of PHEAA, Doc. 16-1, Page ID# 76). Nancy Reinhart has defaulted on the principal amount of $27,123.41. *Id.* at ¶ 6. Ms. Reinhart also owes a late fee of $115.00 and prejudgment interest in the amount of $1,142.53 accrued as of July 27, 2012. *Id.* at 8. Prejudgment interest continues to accrue from July 28, 2012 until the date of judgment in the amount of $1.67 per day. (Amended Complaint at ¶ 19, Doc. 13, Page ID# 46). Pursuant to the terms of the underlying promissory note, PHEAA also seeks attorney's fees and court costs in the amount of $7,475.00. *Id.* at ¶¶ 7-9. There is no opposition to this declaration and the undersigned finds it adequately establishes the damages due plaintiff in this action.

Finally, there are also several procedural requirements which a plaintiff must satisfy before default judgment can be entered in the plaintiff's favor. First, the plaintiff must properly serve the defendant with process. *Broadcast Music v. Marler*, 2009 WL3785878 *4 (E.D. Tenn. Nov. 12, 2009) (citing *Virgin Records America, Inc. v. Bagan,* 2009 WL 2170153 (D.N.J. Jul.21, 2009)).

Second, "the plaintiff must fulfill the procedural obligations of Fed. R. Civ. P. 55. Specifically, the plaintiff must first seek entry of default by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint." *BroadcastMusic,* 2009 WL3785878 at *4, (citing *Keesh Construction, Inc. v. United States,* No. 1:02-CV-899, 2004 WL 2536840, *1 n. 1 (S.D.Ohio Sep.28, 2004)). "Once the clerk has entered a default, the moving party may then seek entry of a default judgment." *BroadcastMusic,* 2009 WL3785878 at *4, (citing Fed.R.Civ.P. 55(b) and *Keesh Construction, Inc.*, 2004 WL 2536840, at*1 n. 1.)

Third, if the defendant has entered an appearance, then the defendant must be served with notice at least seven days before the hearing. Fed. R. Civ. P. 55(b)(2).

Fourth, "the plaintiff must submit an affidavit stating that the defendant is not an infant or incompetent person." *Broadcast Music,* 2009 WL3785878 at *4; *Ross v. Baker,* 2006 U.S. Dist LEXIS 77216 (W.D. Mich. Oct. 23, 2006) (citing Fed. R. Civ. P. 55(b)); *Disney Enters. v. Farmer,* 427 F.Supp.2d 807, 815 (E.D.Tenn.2006)).

Fifth, and finally,

> the plaintiff must submit an affidavit stating whether the defendant is in military service, or if plaintiff is unable to determine whether the defendant is in military service, stating so. Servicemembers Civil Relief Act ("SCRA") § 201(b), 50 U.S.C. app. § 521(b)(1). The SCRA affidavit is a prerequisite to the entry of a default judgment. *Merrill v. Beard,* 2007 WL 461469, at *3 (N.D.Ohio Feb.7, 2007). The affidavit must include more than a "bare assertion" based "upon information and belief," but must set forth specific facts establishing the plaintiff's efforts to determine whether the defendant is in military service. *Chanel, Inc. v. Adeyemi,* 2009 WL 2590640, at *2 (D.Ariz. Aug.21, 2009) (citing *United States v. Simmons,* 508 F.Supp. 552, 552 n. 1 (D.Tenn.1980)).

*Broadcast Music,* 2009 WL3785878 at *4.

I FIND the plaintiff has fulfilled these requirements. Defendant was served a summons and amended complaint by first-class U.S. mail, postage prepaid, on April 24, 2012. (Affidavit of Holly N. Knight, Doc. 14-3). Defendant has not responded to the complaint or entered an appearance of any kind, thus the notice requirement in Fed. R. Civ. P. 55(b) is not triggered. Default has been entered. [Doc. 15]. Plaintiff has also submitted proof that defendant is not an infant or incompetent and is not in military service. (Affidavit of Holly N. Knight, Doc. 16-2).

<u>Conclusion</u>

Accordingly, it is RECOMMENDED[1] that plaintiff PHEAA be awarded judgment on its claim of breach of a promissory note against defendant Nancy J. Reinhart in the principal amount of $27,123.41, a late fee of $115.00, prejudgment interest in the amount of $1,142.53 accrued as of July 27, 2012 with prejudgment interest continuing to accrue from July 28, 2012 until the date judgment is entered in the amount of $1.67 per day, and $7,475.00 in attorney's fees and costs.

S /William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).